IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

MARK NEAL                                                                                           PLAINTIFF

v.                                         Case No. 1:19-cv-1032

MATT BROOKS, Individually
and in his Official Capacity as an
Officer for the City of Crossett, and
JOHN DOES 1-2                                                                                    DEFENDANTS

**MEMORANDUM OPINION**

Before the Court is a Motion for Summary Judgment filed by Defendant, Officer Matt Brooks. ECF No. 21. Plaintiff has filed a response. ECF No. 28. Officer Brooks has filed a reply. ECF No. 31. The motion is ripe for the Court's consideration. For the following reasons, the Court finds that the Motion for Summary Judgment should be granted.

**I. BACKGROUND**

As an initial matter, the Court notes that Plaintiff has not filed a "separate, short and concise statement of the material facts" he contends are in dispute as required by Local Rule 56.1(b). Instead, Plaintiff has filed what he styles as Responses to Defendants' Statement of Undisputed Material Facts (ECF No. 29), in which he either admits or denies each undisputed material fact asserted by Officer Brooks.

Federal Rule of Civil Procedure 56(c)(1) provides that a party asserting a genuine dispute of material fact must support the assertion by either citing to materials in the record or by showing that the cited materials do not establish the absence or presence of a genuine dispute. Rule 56(e) states that a court may deem undisputed a moving party's assertion of fact if it is not properly

controverted by the nonmoving party pursuant to Rule 56(c).[1]  Fed. R. Civ. P. 56(e).

Plaintiff's denials of some of Officer Brooks's asserted undisputed material facts are not supported by citations to the record as required by Federal Rule of Civil Procedure 56(c). Consequently, any fact asserted by Officer Brooks in his Substituted Statement of Undisputed Material Facts (ECF No. 24) that is not properly controverted by Plaintiff pursuant to Federal Rule of Civil Procedure 56(c) is deemed admitted for summary judgment purposes.  *See Chaffin v. City of Fort Smith*, No. 2:05-cv-2061-JLH, 2005 WL 3805977, at 1 (W.D. Ark. Oct. 19, 2005).

The Court will turn now to the undisputed facts of this case. Plaintiff's claims in this case relate to incidents that took place at the Crossett Municipal Airport in Crossett, Arkansas, and the Curtis Airfield in Brady, Texas. The Court will organize the relevant facts in chronological order to show how the incidents are related.

On the evening of August 6, 2016, upon Plaintiff's arrival at the Crossett Municipal Airport, he noticed that the door of a hangar was open. Plaintiff went inside the hangar and saw that a truck, boat, and camper were stored inside. These items belonged to Rusty Atchison, the airport manager. Plaintiff began taking pictures inside the hangar because he thought that the storing of personal property in the city's hangar was controversial. Johnny Dupree, a reserve officer for the Crossett Police Department who was not on duty that evening, noticed Plaintiff taking pictures. Dupree confronted Plaintiff about taking pictures in the hangar, and Plaintiff stated that it would take a police officer to remove him from the city's hangar. Dupree responded that he was a police officer and flashed his badge. Plaintiff and Dupree continued to exchange words until Plaintiff called 911 and requested that a deputy from the Ashley County Sheriff's Department be dispatched to the airport.

---

[1] Similarly, Local Rule 56.1(c) states that all material facts asserted in the moving party's statement of facts shall be deemed admitted if they are not controverted by the nonmoving party's own statement of facts.

Deputy Jay Griffith arrived at the airport and encountered Plaintiff and Dupree. Either Deputy Griffith or Officer Dupree then called the mayor of Crossett, Scott McCormick, who advised that the airport building was the city's property but access to the hangar was not open to the public. Someone then relayed this information to Plaintiff, and he requested that a police report be filed.

The Crossett City Airport is owned by the city and operated by the Crossett Municipal Airport Commission ("Commission"). The city owns and exclusively uses two of the hangars at the airport. The hangar at issue in this case is rented out to tenants for private aircraft storage and is not accessible to the public. Also, Atchison was storing personal property in this hangar, with the Commission's permission.

On August 10, 2016, the Commission voted to ban Plaintiff from the airport because he had entered a restricted area and a disturbance occurred. James Hamilton, Crossett City Attorney, informed Plaintiff by letter that he was not to "enter in, on, or upon any portion of the Crossett Municipal Airport property." Hamilton, who is also prosecuting attorney for the city of Crossett, further advised Plaintiff that he would be prosecuted for the disturbance that occurred on August 6, 2016.

Plaintiff complained to the Federal Aviation Administration ("FAA") about the letter banning him from the airport, and the FAA began an investigation. On September 22, 2016, Hamilton wrote a second letter to Plaintiff informing him that he was permitted to access the airport for aviation purposes only but was banned from the airport for any other purposes. Specifically, Plaintiff could land his aircraft, tie down his aircraft on the public apron, and take off in his aircraft.

In January 2017, Plaintiff complained again to the FAA that the city was not making its airport available to him. Throughout January 2017, The FAA communicated with Atchison and Hamilton regarding the restrictions placed on Plaintiff regarding the airport. Hamilton relayed to

the FAA that Plaintiff was permitted to access the airport for aviation purposes only and that he had not requested to utilize the airport for any purpose since the August 6, 2016 disturbance.

On January 31, 2017, Hamilton sent Plaintiff a letter clarifying that he was "free to access the airport in order to pursue any type of aviation related activity [he] choose[s]" but that "the access does not include the unauthorized entry into any hangar, for any reason, whether it is privately owned or one that may be owned by the [city]." ECF No. 22-2, p. 3. The letter further stated that Plaintiff was "subject to the same restrictions as any member of the public with regard to accessing the airport for non-aviation purposes." ECF No. 22-2, p. 3.

On April 19, 2017, Downey Robinson, the Commission chair, left the Crossett City Airport for Curtis Airfield in Brady, Texas, to pick up three off-duty Crossett police officers, including Officer Lance Griffin and Officer Matt Brooks.[2] That same day, someone called the police department in Brady, Texas, from a blocked number and reported that an aircraft was about to land at the Brady Airport to pick up drugs. The person further stated that the plane was numbered N41KK, that Robinson was the pilot, and that one of the persons being picked up was Lance Griffin. The person stated that he wished to remain anonymous, that he could not relay how he knew this information because it would expose his identity, and that he did not know what kind of drugs were being picked up. Because of this phone call, after Robinson landed the plane at Curtis Airfield, he and the waiting Crossett police officers were taken down at gunpoint by members of the Brady Police Department and McCulloch County Sheriff's Department. The airplane, Robinson, and the Crossett police officers, including Officer Brooks, were searched for drugs but none were found. Officer Brooks and Officer Griffin asked to hear the anonymous phone call that reported the drug trafficking. Upon hearing the voice of the caller, both Defendant Brooks and Griffin identified Plaintiff as the caller.

---

[2] Officer Matt Brooks is the Criminal Investigator for the Crossett Police Department.

The prosecuting attorney's office gave Plaintiff's phone number to Investigator Daniel Watson with the Ashley County Sheriff's Department. Investigator Watson then sought a search warrant in Ashley County District Court to retrieve Plaintiff's phone records for April 19, 2017, the date of the anonymous phone call. The Ashley County District Court issued a search warrant for Plaintiff's cell phone.

On May 2, 2017, the FAA wrote to Plaintiff, stating that the FAA had completed its investigation of his allegation against the city regarding the airport and that the city "is operating the airport in a manner inconsistent with its applicable federal obligations." ECF No. 22-3, p. 1. The letter concluded that the airport discriminated against Plaintiff's proposed aeronautical activity, which was offering his commercial aviation services to the public. ECF No. 22-3, p. 1. However, the FAA stated that because Plaintiff's ban from the airport had been revoked and he was permitted to use the airport for aeronautical purposes, no further FAA action was warranted. ECF No. 22-3, p. 1.

Regarding the Crossett Municipal Airport incident, Plaintiff was charged with criminal trespass and disorderly conduct, and an arrest warrant was issued on June 7, 2017. On September 26, 2017, the Ashley County Sheriff's Department issued Plaintiff a citation for filing a false police report regarding the incident at the airport in Brady, Texas, and an arrest warrant was issued on November 7, 2017.

On January 3, 2019, Plaintiff was found guilty of disorderly conduct by an Ashley County district judge. The criminal trespass and filing a false police report charges were dismissed. Plaintiff appealed his conviction to the Circuit Court of Ashley County and was again convicted of disorderly conduct. Plaintiff then appealed his conviction to the Arkansas Court of Appeals, and his conviction was affirmed.

On July 19, 2019, Plaintiff filed his complaint in this Court against Officer Brooks in his

individual and official capacities.  Pursuant to 42 U.S.C. § 1983, Plaintiff alleges that his rights under the Arkansas Constitution and the United States Constitution were violated by Officer Brooks and the City of Crossett.  Specifically, Plaintiff alleges the following three claims:  (1) that Officer Brooks retaliated against Plaintiff by filing charges against him in violation of the First Amendment; (2) that Officer Brooks arrested Plaintiff without probable cause in violation of the Fourth Amendment; and (3) that the City of Crossett failed to train its officers such that the officers' conduct was the "moving force behind the deprivation of Plaintiff's constitutional rights." ECF No. 2, ¶ 25.  Officer Brooks argues that he is entitled to summary judgment on all three claims.

## II.  LEGAL STANDARD

The Federal Rules of Civil Procedure provide that when a party moves for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a); *Krenik v. Cnty. of LeSueur*, 47 F.3d 953, 957 (8th Cir. 1995).  The Supreme Court has issued the following guidelines for trial courts to determine whether this standard has been satisfied:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  A fact is material only when its resolution affects the outcome of the case.  *Id*. at 248.  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party.  *Id*. at 252.

The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party.  *Enter. Bank v. Magna Bank*, 92

6

F.3d 743, 747 (8th Cir. 1996). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik*, 47 F.3d at 957. A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials but must set forth specific facts showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256.

### III.  DISCUSSION

Plaintiff alleges three claims against Officer Brooks, and the Court will analyze each claim in turn.

**A.  First Amendment Retaliation Claim**

Plaintiff's first claim against Officer Brooks is that Brooks filed a criminal charge against Plaintiff in retaliation for complaining to the FAA about being banned from the airport. Officer Brooks argues that he is entitled to summary judgment because he did not investigate or bring the charge against Plaintiff for filing a false police report. Related to this argument is Officer Brooks's assertion that he was not acting under color of law when he communicated to law enforcement that he believed Plaintiff made the anonymous phone call to the airport in Brady, Texas.

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege that each defendant acted under color of state law and that he violated a right secured by the Constitution. *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). To determine whether an official is acting under color of law, the Court "look[s] to see whether a sufficient nexus exists between the official's public position and the official's harmful conduct." *Ramirez-Peyro v. Holder*, 574 F.3d 893, 900 (8th Cir. 2009). In determining whether a sufficient nexus exists in the context of a § 1983 claim

brought against a police officer, the Court considers several factors, including whether the officer was on duty and in uniform, the motivation for the officer's actions, whether the officer had access to the plaintiff because of the officer's position, and whether the officer invoked his status or threatened to use his official authority in the future. *Id.* at 901.

Plaintiff complains that Officer Brooks "filed charges against Plaintiff because of [his] complaint to the FAA." ECF No. 2, ¶ 5. Brooks is a Criminal Investigator for the Crossett Police Department. However, the undisputed facts show that the Ashley County Sheriff's Department investigated and brought the charge against Plaintiff for filing a false police report.[3] There is no evidence that Brooks was involved in investigating or bringing the charges against Plaintiff. Thus, Officer Brooks cannot be held liable for "fil[ing] charges" against Plaintiff "in an attempt [to] chill the exercise of Plaintiff's First Amendment [r]ights." ECF No. 2, ¶¶ 12-13.

Plaintiff does not allege in his complaint that Officer Brooks caused or directed the Ashley County Sheriff's Department to investigate and charge Plaintiff with filing a false police report. However, even if Plaintiff had made this allegation, Officer Brooks would likely be entitled to summary judgment on the basis that he was not acting under color of state law when he allegedly violated Plaintiff's constitutional rights. Officer Brooks's connection to the charge of filing a false police report is not as the investigating or charging officer but as a complaining victim. Officer Brooks was in Texas for pleasure and not on official business. A false report called in to Brady, Texas officers caused Officer Brooks to be stopped, detained, and searched by law enforcement. Officer Brooks then asked to listen to the call, and hearing the voice, believed the caller to be

---

[3] The Court notes that the allegation that Officer Brooks "filed charges against Plaintiff" in retaliation for Plaintiff's complaint to the FAA is vague. Three different state charges were brought against Plaintiff in Arkansas with respect to events that happened at the Crossett City Airport and the airport in Brady, Texas. However, it appears from the undisputed facts of this case that Officer Brooks had no role in the incident at the Crossett City Airport and no role in banning Plaintiff from the airport. The undisputed facts show that Officer Brooks was involved in the incident at the airport in Brady, Texas, and thus the Court assumes that the "charges" Plaintiff references in his complaint regarding his First Amendment retaliation claim is the charge of filing a false police report.

8

Plaintiff. Communicating this belief to a law enforcement agency was not connected to his public role as a police officer in Crossett but instead as a complaining victim. Accordingly, Officer Brooks is entitled to summary judgment with respect to Plaintiff's First Amendment retaliation claim.

### B. Fourth Amendment Claim

Plaintiff alleges that the "individual Defendants arrested Plaintiff without probable cause." ECF No. 2, ¶ 18. Officer Brooks is the only named individual Defendant in this case. Officer Brooks offers evidence that it was the Ashley County Sheriff's Department, and not him, that investigated and charged Plaintiff with filing a false police report. Further, Officer Brooks did not arrest Plaintiff. Plaintiff offers no evidence that disputes these facts. Because Brooks was not involved in Plaintiff's arrest, he is entitled to summary judgment with respect to Plaintiff's Fourth Amendment claim that he was arrested without probable cause.

### C. Failure to Train Claim

Plaintiff sued Officer Brooks in both his individual and official capacities. Plaintiff's first two claims appear to be against Officer Brooks individually. The Court now turns to Plaintiff's third claim, which appears to be a claim against Officer Brooks in his official capacity. This official capacity claim is tantamount to a claim against the city of Crossett. *Elder-Keep v. Askamit*, 460 F.3d 979, 986 (8th Cir. 2006) ("A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent."). The only claim that Plaintiff appears to be making against the city of Crossett is that it failed to train its officers.

"[I]n order for municipal liability to attach, individual liability first must be found on an underlying substantive claim." *Brockinton v. City of Sherwood, Ark.*, 503 F.3d 667, 674 (8th Cir. 2007). As discussed above, the Court finds that Officer Brooks is entitled to summary judgment as to both constitutional claims. Because these claims do not survive summary judgment, the city

of Crossett cannot be held liable on a failure to train theory. Accordingly, the city of Crossett is entitled to summary judgment on this claim.

### D. State Law Claims

In his complaint, Plaintiff references the Arkansas Constitution and the Arkansas Civil Rights Act. Further, although not referenced in the enumerated counts, Plaintiff states generally that the city of Crossett "pressed charges against [him] in a malicious and oppressive manner without probable cause." ECF No. 2, ¶ 1. Thus, it appears that Plaintiff is attempting to bring some state law claims. Because the Court is dismissing the federal claims over which it has original jurisdiction under 18 U.S.C. § 1367, the Court declines to exercise jurisdiction over any purported state law claims, and these claims will be dismissed without prejudice.

### IV. CONCLUSION

For the reasons stated above, the Court finds that the Motion for Summary Judgment (ECF No. 21) should be and hereby is **GRANTED**. Plaintiff's federal claims are **DISMISSED WITH PREJUDICE**. Any remaining state law claims are **DISMISSED WITHOUT PREJUDICE**. Judgment will be entered separately.

**IT IS SO ORDERED**, on this 17th day of March, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge